# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN O. HILL

       Plaintiff,                            CASE NO. 07-11954
                                            HON. LAWRENCE P. ZATKOFF

v.

OAKLAND COUNTY DEPUTY
JASON DALBEC and OAKLAND
COUNTY DEPUTY BAUM

       Defendants.
_____/

## **OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 27, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss or for Summary Judgment (Dkt. #4). Plaintiff has responded to Defendants' motion and Defendants have since replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion is GRANTED.

## II. BACKGROUND

This case arises out of Plaintiff's arrest on May 4, 2004. At approximately 5:00 a.m. that morning, Defendants responded to a complaint of a disorderly person in front of a home in Royal

Oak Township. Upon arriving at the scene, Defendants came upon Plaintiff, who appeared drunk and disorderly. When Defendants approached Plaintiff in order to pat him down, he backed away. Although Plaintiff was not armed, he repeatedly disobeyed Defendants' orders not to resist arrest. Based on this resistence, Defendants physically escorted Plaintiff to their patrol car to be handcuffed. Still, Plaintiff continued to resist, pushing Defendants away from him. As a result, Defendants tasered Plaintiff, which caused him to fall to the ground.

Despite Defendants' further orders not to resist, Plaintiff attempted to crawl away from Defendants, who were standing above him. Consequently, Defendants tasered Plaintiff several more times before he ceased resisting. Plaintiff was charged with Assault/Resisting an Officer pursuant to Mich. Comp. Laws § 750.81d(1) based on his conduct during the arrest. Plaintiff pled guilty to this charge on August 2, 2004, and a Judgment of Sentence was entered on August 19, 2004, sentencing Plaintiff to 213 days in jail.

Plaintiff filed the current suit on May 4, 2007, alleging that Defendants violated his Fourth Amendment rights by using excessive force to effectuate his arrest. Rather than answering Plaintiff's Complaint, Defendants moved to dismiss Plaintiff's excessive force claim pursuant to Fed. R. Civ. P. 12(b)(6).

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover. *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

2

# IV. ANALYSIS

Plaintiff's claim is brought pursuant to 42 U.S.C. § 1983 and alleges that Defendants violated his Fourth Amendment right to be free from unreasonable seizures when they used excessive force during his arrest. Defendants argue that Plaintiff has failed to state a cognizable claim under § 1983 based on the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1990). The Court agrees.

In *Heck*, the Supreme Court held that

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to suit.

*Id.* at 487 (footnotes omitted). In a footnote, the Supreme Court illustrated its holding:

> An example of ... a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful–would be the following: A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense which he has been convicted. Regardless of the state law concerning res judicata, the § 1983 action will not lie.

*Id.* at 487 n. 6 (internal citations omitted) (emphasis in original).

In *Cummings v. City of Akron*, 418 F.3d 676 (2005), the Sixth Circuit followed *Heck* in dismissing the plaintiff's § 1983 excessive force claim. There, the plaintiff was charged with two counts of assaulting a police officer and resisting arrest, along with other offenses not relevant to this case. The plaintiff sued the arresting officers based on a theory of excessive force. The Sixth Circuit held that the *Heck* doctrine barred the plaintiff's claim because

3

success on Cummings' excessive force claim would necessarily imply the invalidity of his state assault conviction. The struggle between Cummings and the officers gave rise to both Cummings' assault conviction and the excessive force claim, and the two are inextricably intertwined. Additionally, Cummings could have raised excessive force as a defense to the assault charge, but instead he chose not to contest the charge.

*Id.* at 682-83.

More recently, in *Ryan v. Hazel Park*, No. 05-74815, 2007 WL 1174906, at *4-5 (E.D. Mich. Apr. 20, 2007), the district court, following both *Heck* and *Cummings*, dismissed the plaintiff's excessive force claim where the plaintiff had been convicted of Assault/Resisting an Officer in violation of Mich. Comp. Laws § 750.81d(1). In *Ryan*, the plaintiff was pulled over for driving erratically and fleeing a police officer. After she was stopped, the officers were required to forcibly remove the plaintiff from her vehicle and she continually resisted the officers' attempts to restrain her. A jury subsequently convicted the plaintiff of Assault/Resisting an Officer based on her conduct during the arrest. Under these circumstances, the district court concluded that the plaintiff's excessive force claim was inextricably intertwined with her conviction for resisting arrest and was, therefore, barred by *Heck*.

In the present case, Plaintiff pled guilty to Assault/Resisting an Officer in violation of Mich. Comp. Laws § 750.81d(1). A lawful arrest is necessary element of that offense. *See People v. Little*, 434 Mich. 752, 755 n. 5 (1990) (quoting *People v. Julkowski*, 124 Mich. App. 379, 383 (1983)). Plaintiff's claim in this action alleges that Defendants used excessive force during the same arrest that he resisted. Just as in *Ryan*, where the plaintiff violated the same statute as Plaintiff in this case, Plaintiff's excessive force claim, if successful, would necessarily imply the invalidity of his conviction for resisting arrest because it would negate the legality of the arrest. As in both *Cummings* and *Ryan*, the struggle between Plaintiff and Defendants gave rise to both his conviction

4

for resisting arrest and the excessive force claim, and the two are inextricably intertwined. Furthermore, Plaintiff has not shown that his conviction for resisting arrest has been invalidated or called into question. As such, Plaintiff's § 1983 claim is barred by the doctrine in *Heck*.

The Court is not persuaded by Plaintiff's attempt to distinguish the present case from *Heck*. Plaintiff relies on the Supreme Court's recognition in *Heck* that, in an appropriate case, a state court conviction may not bar a § 1983 claim. While it is true that a state court conviction will not prevent all § 1983 claims from going forward, Plaintiff's claim is not one of those appropriate cases. The passage Plaintiff relies on states that a claim based on an unreasonable search may go forward even if the search resulted in a conviction. This is because, as the Supreme Court explained, an unreasonable search does not *necessarily* negate a conviction in light of doctrines like "independent source and inevitable discovery, and especially harmless error ...." *Heck*, 512 U.S. at 487 n. 7. In contrast to those appropriate cases, Plaintiff's claim would directly negate a necessary element of his state court conviction by undermining the legality of his arrest. Thus, Plaintiff's claim is directly within the scope of the Supreme Court's holding in *Heck*.

Finally, Plaintiff's reliance on cases discussing the reasonableness of the force used by officers during arrests is misplaced. None of the cases Plaintiff cites address the issue presented by Defendants' motion: that is, whether a successful prosecution of Plaintiff's excessive force claim would imply the invalidity of his conviction for resisting arrest. Instead, Plaintiff's cases relate to the determination of whether the force Defendants used was reasonable, which is precisely the inquiry foreclosed by *Heck*. Therefore, the Court finds that Plaintiff's arguments lack merit.

## V.  CONCLUSION

The Court concludes that Plaintiff's claim is barred by the doctrine set forth in *Heck v. Humphrey*. As such, Plaintiff has failed to state a claim upon which relief can be granted.

5

Accordingly,

IT IS ORDERED that Defendants' Motion is GRANTED and Plaintiff's Complaint is HEREBY DISMISSED.

IT IS SO ORDERED.


                                s/Lawrence P. Zatkoff
                                LAWRENCE P. ZATKOFF
                                UNITED STATES DISTRICT JUDGE

Dated: November 27, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 27, 2007.

                                s/Marie E. Verlinde
                                Case Manager
                                (810) 984-3290